UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| New Oil Christian Center,<br><br>Plaintiff,<br><br>v.<br><br>GuideOne Insurance Co.,<br><br>Defendant. | Case No. 0:23-cv-03916-SRN-TNL<br><br>**ORDER ON DEFENDANT'S MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AND/OR DISMISS COUNTERCLAIM** |

Christina M Phillips, Merlin Law Group, 181 W Madison Street, Suite 3475, Chicago, IL 60602, for Plaintiff.

Catherine N Coghlan and Kenneth Clark Schirle, Butler Weihmuller Katz Craig LLP, 190 S. LaSalle Street, Suite 2675, Chicago, IL 60603; Laura E. Kuipers and Tony R Krall, Meagher & Geer, P.L.L.P. 33 S. Sixth Street Ste 4300, Minneapolis, MN 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant GuideOne Insurance Co.'s ("GuideOne") Motion [Doc. No. 35] for Leave to File a Response to Plaintiff New Oil Christian Center's ("New Oil") Motion to Strike and/or Dismiss Defendant's Counterclaim [Doc. No. 18]. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **GRANTS** Defendant's Motion.

I.   FACTUAL AND PROCEDURAL BACKGROUND

New Oil is a Minneapolis-based Christian organization, operating both a church and other enterprises at its facility at 4050 Upton Avenue North, Minneapolis, Minnesota 55412. New Oil insured this facility through a policy issued by GuideOne, an Iowa-based

1

insurer, from October 14, 2021 through October 14, 2022 (the "Policy"). On or about January 20, 2022, New Oil sustained water damage to part of the insured premises, because of a pipe break in a second-floor water supply line.

On December 29, 2023, New Oil filed a complaint in this Court, alleging that despite New Oil following the requirements of the Policy, GuideOne had failed to pay for all of New Oil's losses covered under the Policy and therefore breached its contract with New Oil. (*See* Compl. [Doc. No. 1] ¶¶ 11-15.)

On February 7, 2024, GuideOne filed an answer and counterclaims to the complaint. (*See* Answer and Countercl.) In its counterclaims, GuideOne sought a declaratory judgment that: (1) New Oil breached the Policy's Concealment, Misrepresentation, or Fraud provision (*Id.* ¶ 44); (2) the Policy does not entitle New Oil to code upgrades required to convert the former rectory building into an assisted living facility (*Id.* ¶ 48); and (3) New Oil breached the Policy's Duty to Cooperate provision (*Id.* ¶ 51). GuideOne also sought recoupment of funds it had already paid to New Oil. (*Id.* ¶¶ 55-57.)

On March 11, 2024, New Oil moved to strike and dismiss GuideOne's counterclaims, on the basis that they are duplicative of GuideOne's affirmative defenses and therefore redundant [Doc. No. 18]. A hearing on this motion was set for May 2, 2024 [Doc. No. 22]. Pursuant to Local Rule 7.1(c)(2), GuideOne's response was therefore due within 21 days after the filing of New Oil's motion, on or before April 1, 2024. GuideOne did not file a response to New Oil's motion by that date.

On April 16, 2024, GuideOne filed the instant motion. In its briefing, GuideOne's counsel took responsibility for the error and explained that it had inadvertently

2

miscalculated and therefore miscalendared the date by which GuideOne was required to respond to New Oil's motion. (Def's Motion for Leave Br. [Doc. No. 37] ¶ 2.) GuideOne provided that its counsel "erroneously believed that the Response was due fourteen (14) days prior to the May 2, 2024 hearing [and i]n accordance with the incorrect deadline, GuideOne had planned to file the Response on April 18, 2024." (*Id.* ¶ 4.)

## II. DISCUSSION

### A. Standard of Review

When a party seeks permission to file an untimely memorandum of law, the Court's consideration is governed by Federal Rule of Civil Procedure 6(b). When "the time [for completing an act] has expired," the party making a request for additional time must show that it "failed to act [in the time permitted] because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Court considers four factors in determining whether the party's failure was due to excusable neglect:

> (1) the possibility of prejudice to the opposing party; (2) the length of delay and the possible impact of the delay on judicial proceedings; (3) the party's reasons for delay, including whether the delay was within the party's "reasonable control"; and (4) whether the party acted in good faith.

*HSK, LLC v. United States Olympic Comm.*, 248 F. Supp. 3d 938, 942 (D. Minn. 2017) (citing *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010). "Miscalculation of a filing deadline can constitute excusable neglect, even though failure to comply with a deadline is within the party's own control." *HSK, LLC*, 248 F. Supp. 3d at 942 (citing *Sugarbaker v. SSM Health Care*, 187 F.3d 853, 856 (8th Cir. 1999)).

**B.     Analysis**

GuideOne argues that: (1) New Oil will not be prejudiced by its inadvertent error; (2) there is no significant impact of any delay on the judicial proceedings; (3) GuideOil's error was relatively common and non-malicious; and (4) GuideOil acted in good faith and sought leave to file its response within one day of becoming aware of its error. (Def's Motion for Leave Br. ¶¶ 7-8.)  New Oil argues that GuideOne's failure should not be lightly condoned and that the Court is at liberty to refuse to consider its briefing. (Pl.'s First Reply Br. [Doc. No. 34] at 1-2.)

GuideOne's argument is persuasive.  At this early stage of the litigation, New Oil faces no prejudice from the Court's consideration of GuideOne's response.  Similarly, while consideration of GuideOne's response necessitates moving the Court's oral argument on New Oil's motion to strike, it does not affect the viability of any deadline in the pretrial scheduling order [Doc. No. 29], and as such does not significantly delay the parties' judicial proceedings.  Finally, while GuideOne's error was entirely within its control, its error was not extreme, and GuideOne has demonstrated good faith in its actions since becoming aware of its failure to abide by the deadline established by Local Rule 7.1(c)(2).  *See*, *e.g.*, *HSK, LLC*, 248 F. Supp. 3d at 942 (allowing the plaintiff to file its brief responding to defendant's motion to dismiss when the brief was approximately one month late).

As this Court has previously held, this Court "generally prefers to resolve issues on the merits, rather than [to] avoid doing so due to a failure of perfect compliance." *Mgmt. Registry, Inc. v. A.W. Companies, Inc.*, Case No. 0:17-cv-5009-JRT-KMM 2019 WL

4

3574464, at *2 (D. Minn. Aug. 6, 2019).  As such, the Court grants GuideOne's motion for leave to file a response to New Oil's motion to strike.

### III.  ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Defendant GuideOne Insurance Co.'s Motion [Doc. No. 35] for Leave to File a Response to Plaintiff New Oil Christian Center's ("New Oil") Motion to Strike and/or Dismiss Defendant's Counterclaim is **GRANTED**.


Dated: May 7, 2024                              s/ *Susan Richard Nelson*
                                                SUSAN RICHARD NELSON
                                                United States District Judge

5